IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| MERYL CROSBIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-61 |
| DIRECT RECOVERY SERVICES, L.L.C., and ELLE GUSMAN, | ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, MERYL CROSBIE ("Plaintiff"), by and through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendants, DIRECT RECOVERY SERVICES, L.L.C. ("DIRECT RECOVERY") and ELLE GUSMAN ("GUSMAN"), an individual, ("Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 58-70-1, *et seq.* ("NCCAA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

1

without regard to the amount in controversy" and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in the City of New Bern, Craven County, North Carolina.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

8. Plaintiff is a consumer as that term is defined by § 58-70-90(2) of the NCCAA.

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA.

10. Plaintiff allegedly owes a debt as that term is defined by § 58-70-90(3) of the NCCAA.

11. Defendants are each a debt collector as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA.

12. Defendants each are a collection agency as defined by §§ 58-70-15 and 58-70-90(1) of the NCCAA.

13. Defendants attempted to collect a consumer debt from Plaintiff within the past year.

14. Defendant, DIRECT RECOVERY, is a Minnesota limited liability company and debt collection agency headquartered in the City of Two Harbors, Lake County, Minnesota.

15. Defendant, GUSMAN, is the owner of DIRECT RECOVERY.

16. Defendant, GUSMAN, is the manager of DIRECT RECOVERY

17. Employees can be held personally liable under the FDCPA. *Robinson v. Managed*

*Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

18. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp 2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

19. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

20. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

21. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

22. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

23. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

24. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## MERYL CROSBIE v. DIRECT RECOVERY SERVICES, L.L.C.

25. DIRECT RECOVERY is attempting to collect a consumer debt from Plaintiff, allegedly arising from an account with First Bank of Delaware.

26. DIRECT RECOVERY claims that the alleged debt is now owned by JTM Capital Management.

27. JTM Capital Management is a debt buyer as defined by § 58-70-15(b)(4) of the NCDCA.

28. DIRECT RECOVERY has assigned the alleged debt the account number of 111358798.

29. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

30. In or around March 2018, DIRECT RECOVERY began sending email messages to Plaintiff in an attempt to collect the alleged debt.

31. A true-and-correct copy of an email Plaintiff received from DIRECT RECOVERY dated March 16, 2018 is attached hereto as Exhibit A.

32. The alleged debt that Plaintiff owes was incurred in approximately 2009 or 2010.

33. Plaintiff has not made a payment on the alleged debt in over three (3) years.

34. Plaintiff has not made a transaction on the alleged debt in over three (3) years.

35. The applicable statute of limitations to pursue legal action on such a debt is three (3) years pursuant to § 1-52 of North Carolina civil procedure statute.

36. DIRECT RECOVERY has failed to give Plaintiff notice that it is unable to pursue legal action to attempt to collect on the time-barred debt in its communications with Plaintiff. See Exhibit A.

37. DIRECT RECOVERY invited Plaintiff to set-up an installment payment plan to pay off the alleged debt. See Exhibit A.

38. DIRECT RECOVERY even proposes several particular installment payment plans to pay off the alleged debt. See Exhibit A.

39. DIRECT RECOVERY has failed to give Plaintiff notice that if Plaintiff sets up a payment plan with DIRECT RECOVERY, doing so will reset the statute of limitations period. See Exhibit A.

40. DIRECT RECOVERY has failed to give Plaintiff notice that if Plaintiff makes a partial payment toward the alleged debt, doing so will reset the statute of limitations period. See Exhibit A.

41. DIRECT RECOVERY makes the acceptance of a payment arrangement contingent upon the first payment being scheduled within one (1) week. See Exhibit A.

42. DIRECT RECOVERY titled its above-referenced email "Notice of Delinquency / Special Tax Arrangement Offer" set in large font, underlined, and in a bold red-colored font while the surrounding text is black. See Exhibit A. Moreover, the body of the above-referenced email contains the text "that these arrangements are only available until the end of Tax Season 2018." *Id.*

43. On or about March 26, 2018, DIRECT RECOVERY called Plaintiff's cellular telephone number ending in 7874 and left an automated voicemail message for Plaintiff.

44. The above-referenced voicemail message failed to disclose that DIRECT RECOVERY is attempting to collect a debt.

45. DIRECT RECOVERY is familiar with the FDCPA.

46. DIRECT RECOVERY knows the FDCPA requires debt collectors to state that the

communication is an attempt to collect a debt when leaving consumers a voicemail message.

47. DIRECT RECOVERY called Plaintiff from 218-206-8575, which is one of DIRECT RECOVERY's telephone numbers.

48. DIRECT RECOVERY's actions were undertaken in an attempt to coerce Plaintiff into payment of the alleged debt.

## MERYL CROSBIE v. ELLE GUSMAN

49. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-48 herein, with the same force and effect as if the same were set forth at length herein.

50. At all relevant times, acting alone or in concert with others, GUSMAN has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DIRECT RECOVERY, and its employees, including the acts and practices set forth in this complaint.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

51. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendants attempted to coerce Plaintiff into paying a time-barred debt while failing to make certain required disclosures;

    b. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants attempted to coerce Plaintiff into paying a time-barred debt while

6

failing to make certain required disclosures;

c. Defendants further violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants sent Plaintiff a communication entitled "Notice of Delinquency / Special Tax Arrangement Offer" to confuse or mislead the Plaintiff that payment of the alleged debt was somehow connected to a tax obligation to a taxing authority or had some other tax-related implication;

d. Defendants violated § 1692e(1) of the FDCPA by their use of the false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State when Defendants sent Plaintiff a communication entitled "Notice of Delinquency / Special Tax Arrangement Offer" to confuse or mislead the Plaintiff that payment of the alleged debt was somehow connected to a tax obligation to a taxing authority or had some other tax-related implication;

e. Defendants violated § 1692e(2)(A) of the FDCPA by their false representation of the character and legal status of any debt when Defendants attempted to collect a time-barred debt allegedly owed by Plaintiff while failing to make certain required disclosures;

f. Defendants violated § 1692e(9) of the FDCPA by their use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approvals when Defendants sent Plaintiff a communication

7

entitled "Notice of Delinquency / Special Tax Arrangement Offer" to confuse or mislead the Plaintiff that payment of the alleged debt was somehow connected to a tax obligation to a taxing authority or had some other tax-related implication;

g. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendants attempted to coerce Plaintiff into paying a time-barred debt while failing to make certain required disclosures;

h. Defendants further violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendants sent Plaintiff a communication entitled "Notice of Delinquency / Special Tax Arrangement Offer" to confuse or mislead the Plaintiff that payment of the alleged debt was somehow connected to a tax obligation to a tax authority;

i. Defendants violated § 1692e(11) of the FDCPA when Defendants left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt;

j. Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendants made the acceptance of a payment arrangement contingent upon the first payment being scheduled within one (1) week yet Plaintiff is afforded at least thirty (30) days to dispute or request validation of the alleged debt. This violation is particularly egregious given the time-barred nature of the alleged debt and the above-referenced implications of setting up a payment plan and/or making a partial payment; and

k.  Defendant violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt when Defendants engaged in the foregoing misconduct.

WHEREFORE, Plaintiff, MERYL CROSBIE, respectfully requests judgment be entered against Defendants, DIRECT RECOVERY SERVICES, L.L.C. and ELLE GUSMAN, both jointly and severally, for the following:

52. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

53. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

54. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANTS VIOLATED THE
## NORTH CAROLINA COLLECTION AGENCY ACT

55. Plaintiff repeats and re-alleges paragraphs 1-50 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

56. Defendants violated the North Carolina Collection Agency Act based on the following:

a.  Defendants violated § 58-70-100 of the North Carolina General Statutes when they used conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt when Defendants attempted to coerce Plaintiff into paying a time-barred debt while failing to make certain required disclosures;

b.  Defendants violated § 58-70-110 of the North Carolina General Statutes by attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or

9

misleading representation when Defendants attempted to coerce Plaintiff into paying a time-barred debt while failing to make certain required disclosures;

c. Defendants violated § 58-70-110(2) of the North Carolina General Statutes when Defendants left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt;

d. Defendants violated § 58-70-110(4) of the North Carolina General Statutes by falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding; falsely representing that the collection agency is in any way connected with any agency of the federal, State or local government; or falsely representing the creditor's rights or intentions when Defendants attempted to coerce Plaintiff into paying a time-barred debt while failing to make certain required disclosures;

e. Defendants further violated § 58-70-110(4) of the North Carolina General Statutes by falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding; falsely representing that the collection agency is in any way connected with any agency of the federal, State or local government; or falsely representing the creditor's rights or intentions when Defendants sent Plaintiff a communication entitled "Notice of Delinquency / Special Tax Arrangement Offer" to confuse or mislead the Plaintiff that payment of the alleged debt was somehow connected to a tax obligation to a taxing authority or had some other tax-related implication;

f. Defendants violated § 58-70-115 of the North Carolina General Statutes by attempting to collect any debt by use any unfair practices when Defendant engaged

10

in the foregoing misconduct;

 g. Defendants violated § 58-70-115(1) of the North Carolina General Statutes by seeking or obtaining any written statement or acknowledgment in any form containing an affirmation of any debt by a consumer, an acknowledgement of any debt barred by the statute of limitations, or a waiver of any legal rights of the debtor without disclosing the nature and consequences of such affirmation or waiver and the fact that the consumer is not legally obligated to make such affirmation or waiver when Defendants attempted to coerce Plaintiff into paying a time-barred debt while failing to make certain required disclosures; and

 h. Defendants violated § 58-70-115(4) of the North Carolina General Statutes by being a collection agency acting on behalf of a debt buyer attempting to collect on a debt when the collection agency knows, or reasonably should know, that such collection is barred by the applicable statute of limitations when Defendants attempted to coerce Plaintiff into paying a time-barred debt while failing to make certain required disclosures.

57. Defendants' actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Defendants are collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, MERYL CROSBIE, respectfully requests judgment be entered against Defendants, DIRECT RECOVERY SERVICES, L.L.C. and ELLE GUSMAN, both jointly and severally, for the following:

58. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);

59. Punitive damages pursuant to North Carolina General Statute § 75-56(c);

60. Costs and reasonable attorneys' fees; and

61. Any other relief that this Honorable Court deems appropriate.

                                      Respectfully submitted,
                                      HORMOZDI LAW FIRM, PLLC

March 30, 2018                  By: /s/ Shireen Hormozdi
                                      Shireen Hormozdi
                                      Hormozdi Law Firm, PLLC
                                      North Carolina Bar No. 47432
                                      1770 Indian Trail Road, Suite 175
                                      Norcross, GA 30093
                                      Tel: 678–395-7795
                                      Cell: 678-960-9030
                                      Fax: 866-929-2434
                                      shireen@agrusslawfirm.com
                                      shireen@norcrosslawfirm.com