UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:18-CV-61-BR

MERYL CROSBIE,

    Plaintiff,

v.

DIRECT RECOVERY SERVICES, L.L.C.,
and ELLE GUSMAN,

    Defendants.

ORDER

This matter is before the court on plaintiff's 22 August 2018 motion for default judgment. (DE # 20.)

On 30 March 2018, plaintiff filed a complaint against defendants asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70-1, *et seq.* ("NCCAA"). Specifically, plaintiff alleges defendants violated the FDCPA and NCCAA in multiple ways in the course of their attempts to collect an alleged debt from her. (Compl., DE # 1, ¶¶ 51, 56, 57.) Pursuant to Federal Rule of Civil Procedure 55(a), on 9 July 2018, the Clerk entered default against defendants. (DE # 16.)

Although a defaulting party "admits the plaintiff's well-pleaded allegations of fact" as to liability, the defaulting party is "not held . . . to admit conclusions of law" or allegations regarding liability that are not "well-pleaded." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citations omitted). In her motion, plaintiff simply recites her

allegations and, rather than applying the law to the facts of her case, plaintiff summarily concludes that defendants' conduct violates referenced sections of the FDCPA and the NCCAA. (DE # 20, at 5-6.) As plaintiff fails to explain with particularity how her factual allegations support valid claims under these statutory provisions, the court will deny her motion. See Comm. for Ground Zero Museum Workshop v. Wilson, No. CIV. A. DKC 09-3288, 2013 WL 210621, at *2 (D. Md. Jan. 17, 2013) (denying without prejudice the defendant's motion for default judgment because the court was unable to conclude that liability had been established); Gonopolsky v. Korchak, No. 6:06-CV-1857-ORL-28KRS, 2007 WL 1549429, at *2 (M.D. Fla. May 25, 2007) ("The present motion for default judgment is insufficient because there is no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements for each of the causes of action as to each of the defendants.").

Plaintiff's motion for default judgment is DENIED WITHOUT PREJUDICE. Plaintiff may "renew [her] motion, providing a full analysis of [her] claims with citation to relevant legal authority." Wilson, 2013 WL 210621, at *2.

This 28 September 2018.

_____
W. Earl Britt
Senior U.S. District Judge